No. ——

First Circuit Appeal

HERBERT CHIASSON v. PHILOCLES CHIASSON

(May 5, 1925, Opinion and Decree.)

(*Syllabus by the Editor*.)

1. **Louisiana Digest—Damages—Par. 69.**
The damage which plaintiff sustained by defendant's breach of contract is the loss which he has sustained and the profit of which he has been deprived.
(Civil Code, Art. 1934.   Editor's note.)

Appeal from the Parish of Lafourche, Hon. Robert B. Butler, Judge.

This is a suit to recover damages for breach of contract.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Harvey Pelletier, of Thibodaux, attorney for plaintiff, appellee.

Numa F. Montet, of Thibodaux, attorney for defendant, appellant.

LECHE, J.   Plaintiff claims that he entered into a contract according to which he had the exclusive right to float for defendant a lot of cross-ties, out of the swamp, and that for his services and labor, defendant bound himself to pay him ten cents per tie.   That he did float and deliver some 900 ties for which defendant paid him, but that there were 2500 additional ties which he was ready and prepared to float and deliver as soon as conditions agreed upon, permitted, and that defendant in violation of the agreement, hauled said 2500 ties himself and deprived him, plaintiff, of the benefit of said contract under which he would have made $250.00. He therefore, sued for damages in the said sum of two hundred and fifty dollars and for costs of this suit.

The district court gave plaintiff judgment in the sum of one hundred dollars and defendant appeals.

Defendant first answered plaintiff's demand by denying the existence of the alleged contract, and then attempted by a supplemental answer to restrict that denial to the allegation that plaintiff had an exclusive right to float and deliver the ties.   He admits in his supplemental answer that plaintiff had a contract which he says was terminable at the will of either party, and he therein further alleged that plaintiff had voluntarily abandoned the same.

The supplemental answer filed by defendant, admits a contract, and while defendant at that time had the right to make such an admission, the conditions coupled with the admitted contract seem to us to be inconsistent.   If the admitted contract was not personal on the part of plaintiff, or in other words, if plaintiff did not have the exclusive right to do the floating or to make delivery, there was no necessity that the contract should be made terminable at the will of either party.   The floating or hauling by any person other than plaintiff himself, could not then have constituted a violation of the contract.   On the other hand, the only reasonable necessity that could have existed for stipulating that the contract would be terminable at the will of either party, was because the right to float or haul was personal to the plaintiff.

We have undertaken to analyse defendant's supplemental answer in view of the fact that the testimony in the case, is not very explicit or clear as to the position which he has assumed in his defense. It may be that the parties to the contract have little business training and no experience in stipulating an agreement, but we must say that defendant's supple-

mental answer does not by any means simplify or clarify the issue.

Our findings from the testimony in the case, are: That plaintiff secured for the defendant, from Victor Legendre and Arthur Chiasson the right to cut certain timber off their lands and to hew same into cross-ties. That plaintiff was engaged by defendant to superintend the making of said ties and to cut the path necessary to float same, in consideration of five cents per tie. That plaintiff was also engaged by defendant as a result of his superintending the making of said ties, to float and deliver the same for an additional consideration of ten cents per tie. That the agreement only provided for delivery by floating the ties, the usual mode of bringing ties out of the swamp, and that such floating was to be done when there was rain water sufficient for that purpose. That defendant was very desirous of obtaining an early delivery of his ties, but that owing to an unusual drouth at the time, he could not obtain such delivery under the terms of his agreement and for that reason, breached the contract.

It appears further from the testimony, that it would have cost plaintiff an average of six cents per tie to float and complete the delivery of the 2500 ties, and therefore that his profit would have been four cents per tie or a total of one hundred dollars.

Such were the conclusions of the trial judge as shown by his written reasons which are full, cogent, and which analyse the testimony in detail.

We believe that his judgment should be affirmed, and

It is so ordered.